**John A. Bennett**, OSB #750407
E-mail:    john.bennett@bullivant.com
BULLIVANT HOUSER BAILEY PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351
Facsimile: 503.295.0915

**Nancy D. Adams** (*pro hac vice pending*)
E-mail:    nadams@mintz.com
**Alec Zadek** (*pro hac vice pending*)
E-mail:    azadek@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: 617.542.6000
Facsimile: 617.542.2241

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY; AMERICAN FIRE and CASUALTY COMPANY; AMERICAN STATES INSURANCE COMPANY; and THE OHIO CASUALTY INSURANCE COMPANY, | Civil No.: 3:22-cv-00019 |
| Plaintiffs, | **PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | |
| WEST LINN FAMILY HEALTH CENTER, PC, | |
| Defendant. | |

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 1**

## I.  INTRODUCTION

1.      This is an action for declaratory relief and judgment pursuant to 28 U.S.C. §§ 2201 and 2202.  Plaintiffs American Economy Insurance Company ("American Economy"), American Fire and Casualty Company ("American Fire"), American States Insurance Company ("American States"), and The Ohio Casualty Insurance Company ("Ohio Casualty") (collectively, the "Plaintiff Insurers") seek a declaration of their rights and obligations as to Defendant West Linn Family Health Center PC ("Defendant West Linn") under certain policies of insurance issued by the Plaintiff Insurers to Defendant West Linn. The matters that give rise to the Plaintiff Insurers seeking such a declaration are two underlying lawsuits that were filed by former patients of Dr. David Farley against, among others, Defendant West Linn.  In the two underlying lawsuits, the former patients allege that, under the guise of providing medical services, Dr. Farley sexually abused them.

## II.  PARTIES

2.      Plaintiff American Economy is an Indiana corporation with its principal place of business in Boston, Massachusetts.

3.      Plaintiff American Fire is a New Hampshire corporation with its principal place of business in Boston, Massachusetts.

4.      Plaintiff American States is an Indiana corporation with its principal place of business in Boston, Massachusetts.

5.      Plaintiff Ohio Casualty is a New Hampshire corporation with its principal place of business in Boston, Massachusetts.

6.      Upon information and belief, Defendant West Linn is an Oregon professional corporation with its principal place of business in Clackamas County, Oregon.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 2**

### III.  JURISDICTION AND VENUE

7.      This is a proceeding for declaratory relief pursuant to Title 28 of the United States Code, § 2201, *et seq*, to determine the scope of the respective rights, duties, and obligations, if any, of the Plaintiff Insurers under contracts of liability insurance with respect to two underlying lawsuits for which Defendant West Linn has sought coverage.

8.      Jurisdiction for this proceeding is proper in the federal court pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1) because the parties are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this Complaint for Declaratory Judgment occurred in this district.

### IV.  FACTUAL BACKGROUND

**A.      The Underlying Lawsuits.**

      **i.      *Jane Coe, et al. v. David Farley, M.D., et al.***

10.      On November 25, 2020, former patients of Dr. Farley (the "Underlying Coe Plaintiffs") filed a lawsuit in the Circuit Court of the State of Oregon for the County of Multnomah titled *Jane Coe, et al. v. David Farley, M.D., et al.*, Case No. 20CV37412 (the "Underlying Coe Lawsuit").

11.      In the Third Amended Complaint and Jury Demand in the Underlying Coe Lawsuit (the "Underlying Coe Lawsuit Complaint"), the Underlying Coe Plaintiffs allege that, while seeking medical treatment from Dr. Farley, they were sexually abused.  Ex. A, *Underlying Coe Lawsuit Complaint*, at ¶¶ 40-379.

12.      The Underlying Coe Plaintiffs allege that Dr. Farley opened Defendant West Linn on or around March 24, 1993.  *Id*. at ¶ 13.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 3**

13.     Upon information and belief, during all relevant times, Dr. Farley was the Registered Agent of Defendant West Linn.

14.     Upon information and belief, during all relevant times, Dr. Farley was the President of Defendant West Linn.

15.     The Underlying Coe Plaintiffs allege that Dr. Farley abused them, collectively, between 1988 and 2020.  *Id*. at ¶¶ 40-379.

16.     The Underlying Coe Plaintiffs allege that they "came into contact with [Dr.] Farley, and reasonably believed that [Dr.] Farley was an employee of [Defendant West Linn].  [Dr.] Farley used the guise of medical care and treatment to normalize intimate, inappropriate, and sexually abusive contact with [the Underlying Coe] Plaintiffs."  *Id*. at ¶ 24.

17.     The Underlying Coe Plaintiffs allege that, as early as 1993, employees of Defendant West Linn witnessed Dr. Farley performing unnecessary pelvic exams.  *Id*. at ¶ 27(6).

18.     The Underlying Coe Plaintiffs allege that Defendant West Linn "concealed numerous complaints lodged by patients and failed to report known instances of misconduct regarding [Dr. Farley's] sexual abuse."  *Id*. at ¶ 28.

19.     The Underlying Coe Plaintiffs allege that Defendant West Linn failed to disclose and actively concealed Dr. Farley's "prior record of misconduct, sexual abuse, harassment and molestation and his propensity to commit such acts towards patients" from its "patients, the public at large, and law enforcement."  *Id*. at ¶ 33(c).

20.     The Underlying Coe Plaintiffs allege that Defendant West Linn "knew of the probability that [Dr. Farley] would molest patients with whom he came into contact,"

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 4**

including the Underlying Coe Plaintiffs.  *Id*. at ¶ 30.

21.     The Underlying Coe Plaintiffs allege that Defendant West Linn "had the authority and ability to prevent" them from being sexually abused and harassed by removing Dr. Farley from his position as a physician.  *Id*. at ¶ 26.

22.     The Underlying Coe Plaintiffs allege that Defendant West Linn is vicariously liable for the conduct of Dr. Farley.  *Id*. at ¶ 14.

23.     In the Underlying Coe Lawsuit, the Underlying Coe Plaintiffs assert the following four causes of action against Defendant West Linn:

- Count 1 – Intentional Infliction of Emotional Distress;

- Count 2 – Negligence;

- Count 3 – Negligent Supervision/Credentialing; and

- Count 4 – Fraud/Concealment

24.     In the Underlying Coe Lawsuit, the Underlying Coe Plaintiffs allege the following causes of action against Dr. Farley:  (i) Intentional Infliction of Emotional Distress; and (ii) Assault and Battery.

25.     In the Underlying Coe Lawsuit Complaint, the Underlying Coe Plaintiffs state that they plan to move for leave to amend their complaint to seek recovery of punitive damages.  *Id*. at ¶ 381.

**ii.     *Lillian Ewing v. West Linn Family Health Center.***

26.     On October 8, 2021, Lillian Ewing ("Underlying Plaintiff Ewing") filed a lawsuit in the Circuit Court of the State of Oregon for the County of Clackamas titled *Lillian Ewing v. West Linn Family Health Center*, Case No. 21CV40102 (the "Underlying Ewing Lawsuit").

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 5**

27.     On December 6, 2021, Underlying Plaintiff Ewing filed an Amended

Complaint for Professional Negligence (the "Underlying Ewing Lawsuit Complaint").

28.     In the Underlying Ewing Lawsuit Complaint, Underlying Plaintiff Ewing

alleges that, while seeking medical treatment from Dr. Farley on March 3, 2017 and March

27, 2019, she was sexually abused.  Ex. B, *Underlying Ewing Lawsuit Complaint*, at ¶ 3.

29.     In the Underlying Ewing Lawsuit Complaint, Underlying Plaintiff Ewing

alleges that Defendant West Linn was negligent, through its employee and/or agent Dr.

Farley, on March 3, 2017 and March 27, 2018.  *Id*. at ¶ 5.

30.     Underlying Plaintiff Ewing alleges that Defendant West Linn, through its

agent Dr. Farley, "was negligent and engaged in conduct that a reasonable and prudent

medical practitioner would not engage in as follows:  Performing an ungloved vaginal exam

on [Underlying] Plaintiff [Ewing]."  *Id*.

B.     **The Policies.**

    i.     ***The Primary Policies.***

31.     Plaintiff American Economy issued the following Businessowners Liability

Policies to Defendant West Linn during the time period when certain of the Underlying Coe

Plaintiffs allege that they were sexually abused while obtaining medical treatment from Dr.

Farley at Defendant West Linn:

- Policy Number  02-BO-818124-1, with a policy period of June 1, 1999 to June 1, 2000 (the "1999 Primary Policy");

- Policy Number 02-BO-818124-2, with a policy period of June 1, 2000 to June 1, 2001 (the "2000 Primary Policy");

- Policy Number  02-BO-818124-3, with a policy period of June 1, 2001 to June 1, 2002 (the "2001 Primary Policy");

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 6**

- Policy Number 02-BO-818124-4, with a policy period of June 1, 2002 to June 1, 2003 (the "2002 Primary Policy");

- Policy Number  02-BO-818124-5, with a policy period of June 1, 2003 to June 1, 2004 (the "2003 Primary Policy");

- Policy Number 02-BO-818124-6, with a policy period of June 1, 2004 to June 1, 2005 (the "2004 Primary Policy");

- Policy Number  02-BO-818124-7, with a policy period of June 1, 2005 to June 1, 2006 (the "2005 Primary Policy");

- Policy Number 02-BO-818124-8, with a policy period of June 1, 2006 to June 1, 2007 (the "2006 Primary Policy");

- Policy Number  02-BO-818124-9, with a policy period of June 1, 2007 to June 1, 2008 (the "2007 Primary Policy");

- Policy Number 02-BO-818124-0, with a policy period of June 1, 2008 to June 1, 2009 (the "2008 Primary Policy");

- Policy Number 02-BP-816873-1, with a policy period of June 1, 2009 to June 1, 2010  (the "2009 Primary Policy");

- Policy Number 02-BP-816873-2, with a policy period of June 1, 2010 to June 1, 2011 (the "2010 Primary Policy");

- Policy Number 02-BP-816873-3, with a policy period of June 1, 2011 to June 1, 2012 (the "2011 Primary Policy");

- Policy Number 02-BP-816873-4, with a policy period of June 1, 2012 to June 1, 2013 (the "2012 Primary Policy");

- Policy Number 02-BP-816873-5, with a policy period of June 1, 2013 to June 1, 2014 (the "2013 Primary Policy"); and

- Policy Number 02-BP-816873-6, with a policy period of June 1, 2014 to June 1, 2015 (the "2014 Primary Policy")

(collectively, the "American Economy Primary Policies").  Selected pages of the American

Economy Primary Policies are attached hereto as "Exhibit C".

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 7**

32.     Plaintiff American Fire issued the following Businessowners Policies to

Defendant West Linn during the time period when certain of the Underlying Coe Plaintiffs

and Underlying Plaintiff Ewing (collectively, the "Underlying Plaintiffs") allege that they

were sexually abused while obtaining medical treatment from Dr. Farley at Defendant West

Linn:

- Policy number BZA (16) 56 51 75 36, with a policy period of June 1, 2015 to June 1, 2016 (the "2015 Primary Policy");

- Policy number BZA (17) 56 51 75 36, with a policy period of June 1, 2016 to June 1, 2017 (the "2016 Primary Policy"); and

- Policy number BZA (18) 56 51 75 36, with a policy period of June 1, 2017 to June 1, 2018 (the "2017 Primary Policy")

(collectively, the "American Fire Primary Policies").  Selected pages of the American Fire

Primary Policies are attached hereto as "Exhibit D".

33.     The Insuring Agreement for the 1999 Primary Policy, the 2000 Primary

Policy, the 2001 Primary Policy, and the 2002 Primary Policy provides, in relevant part, as

follows:

1.  Business Liability

   a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", "personal injury" or advertising injury", to which this insurance does not apply.…

   b.  This insurance applies:

      (1)  To "bodily injury" … only if:

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 8**

    (a)   The "bodily injury" … is caused by an "occurrence" that takes place in the "coverage territory"; and

    (b)   The "bodily injury" … occurs during the policy period….

(2)   To

    (a)   "personal injury" caused by an offense arising out of your business …

    (b)   but only if the offense was committed in the "coverage territory" during the policy period.

Ex. C, at AMECON000007; AMECON000028; AMECON000051; AMECON000076.

    34.   The Insuring Agreement for the 2003 Primary Policy, the 2004 Primary Policy, the 2005 Primary Policy, the 2006 Primary Policy, the 2007 Primary Policy, the 2008 Primary Policy, the 2009 Primary Policy, the 2010 Primary Policy, the 2011 Primary Policy, the 2012 Primary Policy, the 2013 Primary Policy, the 2014 Primary Policy, and the American Fire Primary Policies provides, in relevant part, as follows:

1.   Business Liability

    a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply.…

    b.   This insurance applies:

    (1)   To "bodily injury" … only if:

        (a)   The "bodily injury" … is caused by an "occurrence" that takes place in the "coverage territory"; and

        (b)   The "bodily injury" … occurs during the policy period….

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 9

(2)    To "personal and advertising injury" caused by an
offense and arising out of your business, but only if
the offense was committed in the "coverage
territory" during the policy period.

Ex. C, at AMECON000128; AMECON000186; AMECON000241; AMECON000299;

AMECON000356-357; AMECON000421-422; AMECON000454; AMECON000517-518;

AMECON000584-585; AMECON000651-652; AMECON000718-719; AMECON000787-

788.  Ex. D, at AMFIRE000047-48; AMFIRE000122-23; AMFIRE000197-98.

35.    The 1999 Primary Policy, the 2000 Primary Policy, the 2001 Primary Policy,

the 2002 Primary Policy, the 2003 Primary Policy, the 2004 Primary Policy, the 2005

Primary Policy, and the 2006 Primary Policy define the term "bodily injury" to mean:

bodily injury, sickness or disease sustained by a person,
including death resulting from any of these at any time.

Ex. C, at AMECON000017; AMECON000038; AMECON000061; AMECON000086;

AMECON000141; AMECON000199; AMECON000254; AMECON000312.

36.    The 2007 Primary Policy, the 2008 Primary Policy, the 2009 Primary Policy,

the 2010 Primary Policy, the 2011 Primary Policy, the 2012 Primary Policy, the 2013

Primary Policy, and the 2014 Primary define the term "bodily injury" to mean:

bodily injury, sickness, disease or mental anguish sustained by a
person, including death resulting from any of these at any time.

Ex. C, at AMECON000385; AMECON000450; AMECON000479; AMECON000546;

AMECON000613; AMECON000680; AMECON000747; AMECON000816.

37.    The American Fire Primary Policies define the term "bodily injury" to mean:

bodily injury, sickness, disease or incidental medical
malpractice injury sustained by a person and includes mental
anguish resulting from any of these; and including death
resulting from any of these at any time.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 10**

Ex. D, at AMFIRE000074; AMFIRE000147; AMFIRE000224.

38.    The Primary Policies define the term "occurrence" to mean:

> an accident, including continuous or repeated exposure to
> substantially the same general harmful occurrence.

Ex. C, at AMECON000018; AMECON000039; AMECON000062; AMECON000087;

AMECON000143; AMECON000201; AMECON000256; AMECON000314;

AMECON000372; AMECON000437; AMECON000469; AMECON000533;

AMECON000600; AMECON000667; AMECON000734; AMECON000803. Ex. D, at

AMFIRE000065; AMFIRE000140; AMFIRE000215.

39.    The 1999 Primary Policy, the 2000 Primary Policy, the 2001 Primary Policy,

and the 2002 Primary Policy define the term "personal injury" to mean:

> "Personal injury" means injury, other than "bodily injury",
> arising out of one or more of the following offenses:
>
> a.   False arrest, detention or imprisonment;
>
> b.   Malicious prosecution;
>
> c.   The wrongful eviction from, wrongful entry into, or
>      invasion of the right of occupancy of a room, dwelling or
>      premises that a person occupies, by or on behalf of its
>      owner, landlord or lessor;
>
> d.   Oral or written publication of material that slanders or
>      libels a person or organization …
>
> e.   Oral or written publication of material that violates a
>      person's right of privacy.

Ex. C, at AMECON000018-019; AMECON000039-040; AMECON000063;

AMECON000088.

40.    The 2003 Primary Policy, the 2004 Primary Policy, the 2005 Primary Policy,

the 2006 Primary Policy, the 2007 Primary Policy, the 2008 Primary Policy, the 2009

Primary Policy, the 2010 Primary Policy, the 2011 Primary Policy, the 2012 Primary Policy,

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 11**

the 2013 Primary Policy, and the 2014 Primary Policy define the term "personal and

advertising injury" to mean, in part, as follows:

> injury, including consequential "bodily injury", arising out of
> one or more of the following offenses:
>
> a.  False arrest, detention or imprisonment;
>
> b.  Malicious prosecution;
>
> c.  The wrongful eviction from, wrongful entry into, or
>     invasion of the right of occupancy of a room, dwelling or
>     premises …
>
> d.  Oral or written publication, in any manner, of material
>     that slanders or libels a person or organization …
>
> e.  Oral or written publication, in any manner, of material
>     that violates a person's right of privacy. …

Ex. C, at AMECON000143; AMECON000201; AMECON000256; AMECON000314;

AMECON000372; AMECON000437; AMECON000469; AMECON000533;

AMECON000600; AMECON000667; AMECON000734; AMECON000803.

41.    The American Fire Primary Policies define the term "personal and advertising

injury" to mean:

> injury, including consequential "bodily injury", arising out of
> one or more of the following offenses:
>
> a.  False arrest, detention or imprisonment;
>
> b.  Malicious prosecution or abuse or process;
>
> c.  The wrongful eviction from, wrongful entry into, or
>     invasion of the right of occupancy of a room, dwelling or
>     premises …
>
> d.  Oral or written publication, in any manner, of material
>     that slanders or libels a person or organization …
>
> e.  Oral or written publication, in any manner, of material
>     that violates a person's right of privacy. …

Ex. D, at AMFIRE000065, AMFIRE000074; AMFIRE000140, AMFIRE000149;

AMFIRE000215, AMFIRE000224.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 12**

42.     The Primary Policies contain an Expected or Intended Injury Exclusion

barring coverage for:

> "bodily injury" … expected or intended from the standpoint of
> the insured.  This exclusion does not apply to "bodily injury"
> resulting from the use of reasonable force to protect persons or
> property.

Ex. C, at AMECON00009; AMECON000030; AMECON000053; AMECON000078;

AMECON000131; AMECON000189; AMECON000244; AMECON000302;

AMECON000359; AMECON000424; AMECON000456; AMECON000520;

AMECON000587; AMECON000654; AMECON000721; AMECON000790.  Ex. D, at

AMFIRE000050; AMFIRE000125; AMFIRE000200.

43.     The 1999 Primary Policy, the 2000 Primary Policy, the 2001 Primary Policy,

and the 2002 Primary Policy contain a professional services exclusion barring coverage for:

> "Bodily injury", "property damage", "personal injury" or
> "advertising injury" due to rendering or failure to render any
> professional service.  This includes but is not limited to:
>
> (4)   Medical, surgical, dental, x-ray or nursing services
>       treatment, advice or instruction;
>
> (5)   Any health or therapeutic service treatment, advice or
>       instruction; …

(the "1999-2002 Primary Policies Professional Services Exclusion").  Ex. C, at

AMECON000011; AMECON000032; AMECON000055; AMECON000080.

44.     The 2003 Primary Policy, the 2004 Primary Policy, the 2005 Primary Policy,

the 2006 Primary Policy, the 2007 Primary Policy, the 2008 Primary Policy, the 2009

Primary Policy, the 2010 Primary Policy, the 2011 Primary Policy, the 2012 Primary Policy,

the 2013 Primary Policy, and the 2014 Primary Policy contain a professional services

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 13**

exclusion barring coverage for:

> "Bodily injury",  "property damage", "personal injury" or "advertising injury" caused by the rendering or failure to render any professional service.  This includes but is not limited to:
>
> > (4)   Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;
> >
> > (5)   Any health or therapeutic service treatment, advice or instruction; …

(the "2003-2014 Primary Policies Professional Services Exclusion").  Ex. C, at

AMECON000134; AMECON000192; AMECON000247; AMECON000305;

AMECON000362-363; AMECON000427-428; AMECON000459-460; AMECON000523-

524; AMECON000590-591; AMECON000657-658; AMECON000724-725;

AMECON000793-794.

      45.   The American Fire Primary Policies contain a professional services exclusion

barring coverage for:

> "Bodily injury",  "property damage", "personal injury" or "advertising injury" caused by the rendering or failure to render any professional service.  This includes but is not limited to:
>
> > (4) Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;
> >
> > (5) Any health or therapeutic service treatment, advice or instruction;
>
> This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" … or the offense which caused the "personal and advertising injury", involved the rendering or failure to render of any professional service.

(the "American Fire Primary Policies Professional Services Exclusion").  Ex. D, at

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 14**

AMFIRE000054-055, AMFIRE000075; AMFIRE000129-130, AMFIRE000150;

AMFIRE000204-205, AMFIRE000225.

      46.    The American Fire Primary Policies contain an Abuse or Molestation

Exclusion  which provides that:

> This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of:
>
>     (a)    The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured;
>
>     (b)    The negligent:
>
>         (i)    Employment;
>
>         (ii)    Investigation;
>
>         (iii)    Supervision;
>
>         (iv)    Reporting to proper authorities, or failure to so report; or
>
>         (v)    Retention;
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above.

Ex. D, at AMFIRE000070; AMFIRE000145; AMFIRE000220.

      47.    The 1999 Primary Policy, the 2000 Primary Policy, the 2001 Primary Policy,

and the 2002 Primary Policy contain a Liability and Medical Expenses Limits of Insurance

provision, which provides, in relevant part, as follows:

>     1.    The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 15**

       a.  Insureds;

       b.  Clams made or "suits" brought; or

       c.  Persons or organizations making claims or bringing "suits".

2. The most we will pay for the sum of all damages because of all:

       a.  "Bodily injury" … and medical expenses arising out of any one "occurrence"; and

       b.  "Personal injury" … sustained by any one person or organization;

is the Liability and Medical Expenses limit shown in the Declarations.  Because the most we will pay for all medical expenses because of "bodily injury" sustained by any one person is the Medical Expenses limit shown in the Declarations. …

Ex. C, at AMECON000015; AMECON000036; AMECON000059; AMECON000084.

48.    The 2003 Primary Policy, the 2004 Primary Policy, the 2005 Primary Policy, the 2006 Primary Policy, the 2007 Primary Policy, the 2008 Primary Policy, the 2009 Primary Policy, the 2010 Primary Policy, the 2011 Primary Policy, the 2012 Primary Policy, the 2013 Primary Policy, the 2014 Primary Policy, and the American Fire Primary Policies contain a Liability and Medical Expenses Limits of Insurance provision, which provides, in relevant part, as follows:

1. The Limits of Insurance of Section II – Liability shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

       a.  Insureds;

       b.  Clams made or "suits" brought; or

       c.  Persons or organizations making claims or bringing "suits".

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 16**

2.  The most we will pay for the sum of all damages because of all:

    a.  "Bodily injury" … and medical expenses arising out of any one "occurrence"; and

    b.  "Personal injury and advertising injury" … sustained by any one person or organization;

is the Liability and Medical Expenses limit shown in the Declarations.  Because the most we will pay for all medical expenses because of "bodily injury" sustained by any one person is the Medical Expenses limit shown in the Declarations. …

Ex. C, at AMECON000139; AMECON000197; AMECON000252; AMECON000310;

AMECON000368; AMECON000433; AMECON000465; AMECON000529;

AMECON000596; AMECON000663; AMECON000730; AMECON000799; and Ex. D, at

AMFIRE000061; AMFIRE000136; AMFIRE000211.

### ii.  *The Umbrella Policies.*

49.    Plaintiff American States issued the following umbrella liability policies to

Defendant West Linn during the time period when certain of the Underlying Plaintiffs allege

that they were sexually abused while receiving medical services from Dr. Farley at

Defendant West Linn:

- Policy number 01-SU-245344-10, with a policy period of June 1, 1999 to June 1, 2000 (the "1999 Umbrella Policy");

- Policy number 01-SU-245344-20, with a policy period of June 1, 2000 to June 1, 2001 (the "2000 Umbrella Policy");

- Policy number 01-CT-001428-10, with a policy period of June 1, 2001 to June 1, 2002 (the "2001 Umbrella Policy");

- Policy number 01-CT-001428-20, with a policy period of June 1, 2002 to June 1, 2003 (the "2002 Umbrella Policy");

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 17**

- Policy number 01-CT-001428-30, with a policy period of June 1, 2003 to June 1, 2004 (the "2003 Umbrella Policy");

- Policy number 01-CT-001428-40, with a policy period of June 1, 2004 to June 1, 2005 (the "2004 Umbrella Policy");

- Policy number 01-CT-001428-50, with a policy period of June 1, 2005 to June 1, 2006 (the "2005 Umbrella Policy");

- Policy number 01-CT-001428-60, with a policy period of June 1, 2006 to June 1, 2007 (the "2006 Umbrella Policy");

- Policy number 01-CT-001428-70, with a policy period of June 1, 2007 to June 1, 2008 (the "2007 Umbrella Policy");

- Policy number 01-CT-001428-80, with a policy period of June 1, 2008 to June 1, 2009 (the "2008 Umbrella Policy");

- Policy number 01-CT-001428-90, with a policy period of June 1, 2009 to June 1, 2010 (the "2009 Umbrella Policy");

- Policy number 01-CT-001428-00, with a policy period of June 1, 2010 to June 1, 2011 (the "2010 Umbrella Policy");

- Policy number 01-CT-125577-10, with a policy period of June 1, 2011 to June 1, 2012 (the "2011 Umbrella Policy");

- Policy number 01-CT-125577-20, with a policy period of June 1, 2012 to June 1, 2013 (the "2012 Umbrella Policy");

- Policy number 01-CT-125577-30, with a policy period of June 1, 2013 to June 1, 2014 (the "2013 Umbrella Policy"); and

- Policy number 01-CT-125577-40, with a policy period of June 1, 2014 to June 1, 2015 (the "2014 Umbrella Policy")

(collectively, the "American States Umbrella Policies").  Selected pages of the American States Umbrella Policies are attached here as "Exhibit E".

50.    Plaintiff Ohio Casualty issued the following Commercial Umbrella and Excess Liability insurance policies to Defendant West Linn during the time period when certain of the Underlying Plaintiffs allege that they were sexually abused while receiving medical

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 18**

services from Dr. Farley at Defendant West Linn:

- Policy number USO (16) 56 51 75 36, with a policy period of June 1, 2015 to June 1, 2016 (the "2015 Umbrella Policy");

- Policy number USO (17) 56 51 75 36, with a policy period of June 1, 2016 to June 1, 2017 (the "2016 Umbrella Policy"); and

- Policy number USO (18) 56 51 75 36, with a policy period of June 1, 2017 to June 1, 2018 (the "2017 Umbrella Policy")

(collectively, the "Ohio Casualty Umbrella Policies" and, with the American States Umbrella

Policies, the "Umbrella Policies"). Selected pages of the Ohio Casualty Umbrella Policies

are attached here as "Exhibit F".

51.    The Insuring Agreement for the 1999 Umbrella Policy and the 2000 Umbrella

Policy provides, in relevant part, as follows:

> We will pay those sums that the insured becomes legally
> obligated to pay as "ultimate new loss," including liability
> assumed by the insured in an "insured contract" because of:
>
> A.  "Bodily injury" or "property damage"; or
>
> B.  "Personal injury" or
>
> C.  "Advertising injury"
>
> which takes place during the policy period and in the policy
> territory and is caused by an "occurrence."

Ex. E, at ASIC-U 000004; ASIC-U 000020.

52.    The 1999 Umbrella Policy and the 2000 Umbrella Policy define the term

"ultimate net loss" to mean:

> the actual sums you are legally obligated to pay as damages for
> which any insured is legally liable, either through final
> adjudication on the merits or through compromise settlement
> with our written consent or direction, because of any
> "occurrence(s)" covered by this policy.

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 19**

However, it includes the above mentioned sums only after deducting all other recoveries and salvages.

"Ultimate net loss" does not, however, include any of the following:

1.  Defense, investigation, settlement or legal expenses covered by any underlying insurer (whether recoverable or not), or general retainer and/or monitoring fees of counsel retained by the insured;

2.  Prejudgment interest;

3.  Your office costs, expenses incurred, and salaries and expenses of the employees of any insured;

4.  Our office costs and expenses and salaries of our employees;

Ex. E, ASIC-U 000014; ASIC-U 000031.

53.    The Insuring Agreement for 2001 Umbrella Policy, the 2002 Umbrella Policy, the 2003 Umbrella Policy, the 2004 Umbrella Policy, the 2005 Umbrella Policy, the 2006 Umbrella Policy, the 2007 Umbrella Policy, the 2008 Umbrella Policy, the 2009 Umbrella Policy, the 2010 Umbrella Policy, the 2011 Umbrella Policy, the 2012 Umbrella Policy, the 2013 Umbrella Policy, and the 2014 Umbrella Policy provides, in relevant part, as follows:

We will pay those sums that the insured becomes legally obligated to pay as damages in excess of "underlying limits" because of:

A.  "Bodily injury" or "property damage"; or

B.  "Personal injury" or "advertising injury"

to which this insurance applies.

Our right or duty to defend is limited as set forth in Section VI – Defense and Supplementary Payments.  However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply.  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for in this coverage form.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 20**

This insurance applies only to:

A. "Bodily injury" … if the "bodily injury" … is caused by an "occurrence" that takes place in the "coverage territory" and the "bodily injury" … occurs during the policy period.

B. "Personal injury" … if the "personal injury" …. is caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

Ex. E, at ASIC-U 000039; ASIC-U 000058; ASIC-U 000072; ASIC-U 000089; ASIC-U 000104; ASIC-U 000123; ASIC-U 000141; ASIC-U 000159; ASIC-U 000177; ASIC-U 000195; ASIC-U 000213; ASIC-U 000231; ASIC-U 000249; ASIC-U 000267.

54.     The Insuring Agreement for the Ohio Casualty Umbrella Policies provides, in relevant part, as follows:

A. We will pay on behalf of the "Insured" those sums in excess of the "Retained Limit" that the "Insured" becomes legally obligated to pay by reason of liability imposed by law or assumed by the "Insured" under an "insured contract" because of "bodily injury," … or "personal and advertising injury" to which this insurance applies.  The amount we will pay for is limited as described below in the Insuring Agreement Section II. Limits of Insurance. …

B. This insurance applies to:

1. "Bodily injury" … only if:

   a. The "bodily injury" … occurs during the Policy Period; and

   b. The "bodily injury" … is caused by an "occurrence" happening anywhere; …

2. "Personal and advertising injury" caused by an "offense" arising out of your business but only if the "offense" was committed during the Policy Period.

Ex. F, at TOCIC-U 000022; TOCIC-U 000048; TOCIC-U 000074.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 21**

55.     The American States Umbrella Policies define the term "bodily injury" to

mean:

> bodily injury, sickness, disease, disability, mental injury or
> mental anguish sustained by a person, including death resulting
> from any of these at any time.

Ex. E, at ASIC-U 000012; ASIC-U 000028; ASIC-U 000048; ASIC-U 000067; ASIC-U

000081; ASIC-U 000098; ASIC-U 000114; ASIC-U 000133; ASIC-U 000151; ASIC-U

000169; ASIC-U 000187; ASIC-U 000205; ASIC-U 000223; ASIC-U 000241; ASIC-U

000259; ASIC-U 000277.

56.     The Ohio Casualty Umbrella Policies define the term "bodily injury" to mean:

> physical injury, sickness, or disease, including death of a person.
> "Bodily injury" also means mental injury, mental anguish,
> humiliation, or shock if directly resulting from physical injury,
> sickness, or disease to that person. "Bodily injury" does not
> include "bodily injury" arising out of "personal and advertising
> injury".

Ex. F, at TOCIC-U 000010, TOCIC-U 000024; TOCIC-U 000036, TOCIC-U 000050;

TOCIC-U 000062, TOCIC-U 000076.

57.     The American States Umbrella Policies define the term "occurrence" to mean:

> an accident, including continuous or repeated exposure to the
> same general harmful conditions, an offense, incident, error, or
> omission or other negligent act resulting in injury or damage not
> otherwise excluded by this policy.

Ex. E, at ASIC-U 000013; ASIC-U 000029-030; ASIC-U 000049; ASIC-U 000068; ASIC-U

000082; ASIC-U 000099; ASIC-U 000116; ASIC-U 000135; ASIC-U 000153; ASIC-U

000171; ASIC-U 000189; ASIC-U 0000207; ASIC-U 000225; ASIC-U 000243; ASIC-U

000261; ASIC-U 000279.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 22**

58.    The Ohio Casualty Umbrella Policies define the term "occurrence" to mean:

> an accident, including continuous or repeated exposure to
> substantially the same general harmful conditions …

Ex. F, at TOCIC-U 000024; TOCIC-U 000050; TOCIC-U 000076.

59.    The Umbrella Policies contain an Expected or Intended Liability Exclusion

barring coverage for:

> "Bodily injury" … expected or intended from the standpoint of
> the insured.  This exclusion does not apply to "bodily injury" …
> resulting from the use of reasonable force to protect persons or
> property.

Ex. E, at ASIC-U 000021; ASIC-U 000039; ASIC-U 000058; ASIC-U 000072; ASIC-U

000089; ASIC-U 000104; ASIC-U 000123; ASIC-U 000141; ASIC-U 000159; ASIC-U

000177; ASIC-U 000195; ASIC-U 000213; ASIC-U 000231; ASIC-U 000249; ASIC-U

000267.  Ex. F, at TOCIC-U 000007; TOCIC-U 000032; TOCIC-U 000059.

60.    The 1999 Umbrella Policy and the 2000 Umbrella Policy contain a

professional services exclusion which provides that:

> [t]his insurance does not apply to any claim, loss or "suit" due to
> the rendering or failure to render any professional service.
> Professional service includes any act, error, omission,
> malpractice or mistake of a professional nature committed or
> alleged to have been committed by the insured or any person for
> whose acts the insured is legally liable.

(the "1999-2000 Umbrella Policies Professional Services Exclusion").  Ex. E, at ASIC-U

000016; ASIC-U 000032.

61.    The 2001 Umbrella Policy, the 2002 Umbrella Policy, the 2003 Umbrella

Policy, and the 2004 Umbrella Policy contain a professional services exclusion barring

coverage for:

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 23**

Any damages claimed due to the rendering or failure to render
any professional service.

This exclusion does not apply when such insurance is provided
by "scheduled underlying insurance" or would have been
provided by "scheduled underlying insurance" except for the
exhaustion of its limits of insurance.

(the "2001-2004 Umbrella Policies Professional Services Exclusion").  Ex. E, at ASIC-U

000041; ASIC-U 000061; ASIC-U 000075; ASIC-U 000092.

62.    The 2005 Umbrella Policy, the 2006 Umbrella Policy, the 2007 Umbrella

Policy, the 2008 Umbrella Policy, the 2009 Umbrella Policy, the 2010 Umbrella Policy, the

2011 Umbrella Policy, the 2012 Umbrella Policy, the 2013 Umbrella Policy, and the 2014

Umbrella Policy contain a professional services exclusion barring coverage for:

Any damages claimed due to the rendering or failure to render
any professional service.  This includes but is not limited to: …

4.  Medical, surgical, dental, x-ray or nursing services
treatment, advice or instruction;

5.  Any health or therapeutic service treatment, advice or
instruction. …

This exclusion does not apply when such insurance is provided
by "scheduled underlying insurance" except for the exhaustion
of its limits of insurance.

(the "2005-2014 Umbrella Policies Professional Services Exclusion").  Ex. E, at ASIC-U

000107-108; ASIC-U 000126-127; ASIC-U 000144-145; ASIC-U 000162-163; ASIC-U

000180-181; ASIC-U 000198-199; ASIC-U 000216-217; ASIC-U 000234-235; ASIC-U

000252-253; ASIC-U 000270-271.

63.    The Ohio Casualty Umbrella Policies contain a Professional Services

Exclusion barring coverage for:

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 24**

"Bodily injury" … "personal injury" … caused by the rendering of or failure to render any professional service.  This includes but is not limited to: …

4.  Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;

5.  Any health or therapeutic service treatment, advice or instruction. …

This exclusion applies even if the "claims" against an "Insured" allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that "Insured," if the "occurrence," "offense" or other act, error or omission involved the rendering of or failure to render any professional service.

(the "Ohio Casualty Umbrella Policies Professional Services Exclusion").  Ex. F, at TOCIC-U 000021; TOCIC-U 000047; TOCIC-U 000073.

64.    The Ohio Casualty Umbrella Policies contain a Punitive or Exemplary Damages exclusion barring coverage for:

Any award of, or liability for, punitive or exemplary damages, except to the extent that such insurance is provided by a policy listed in the Schedule of Underlying Insurance, and for no broader coverage than is provided by such policy.

Ex. F, at TOCIC-U 000026; TOCIC-U 000052; TOCIC-U 000078.

65.    The 2015 Umbrella Policy and the 2016 Umbrella Policy contain an Abuse or Molestation Exclusion barring coverage for:

Any liability for or arising out of:

1.  the actual, threatened, or alleged abuse, molestation, harassment or sexual conduct by anyone of any person; or

2.  the negligent:

    a.  employment,

    b.  investigation,

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 25**

    c.  supervision,

    d.  reporting to the proper authorities, or failure to so report,

    e.  retention, or

    f.  referral

of a person for whom any "Insured" is or ever was legally responsible and whose conduct would be excluded by 1. above.

Ex. F, at TOCIC-U 000020; TOCIC-U 000046.

    66.    The 2017 Umbrella Policy contains a Sexual Misconduct or Abuse Exclusion which provides as follows:

    A.  The following exclusion is added to Section IV. Exclusions:

    Any liability, damages, loss, injury, demand, "claim" or "suit" arising out of, caused by, or allegedly caused by, in whole or in party by:

    1.  The actual, threatened, or alleged abuse or molestation of any kind or "sexual misconduct"; or

    2.  Any allegation relating thereto that are based on an alleged practice, custom or policy, including but not limited to any allegation that a person's civil rights have been violated.

    This exclusion applies even if the "claim" against any "Insured" alleges negligence or other wrongdoing in the supervision, hiring, employment, retention, referral, training, monitoring, investigation, supervision, or reporting to proper authorities, or failure to so report, of a person whose conduct would be excluded by 1. above.

    B.  The following is added to Section V. Definitions:

    "Sexual misconduct" means any actual, alleged or threatened act of misconduct toward another person that is a sexual nature and includes but is not limited to:

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 26**

1. Molestation, abuse;

2. Assault, physical touching, contact;

3. Harassment, advances;

4. Victimization, exploitation, requests for favors;

5. Coercion to engage in sexual activities;

6. Exhibitionism, voyeurism;

7. Verbal or non-verbal communication; or

8. Showing or sharing of text, pictures, drawings, audio, video or digital recording.

Ex. F, at TOCIC-U 000072.

iii. ***The Plaintiff Insurers' Reservation of Rights Under the Policies.***

67.    On September 21, 2021, Plaintiff American Economy and Plaintiff American Fire agreed, subject to reservation of rights, to provide Defendant West Linn with a defense against the Underlying Coe Lawsuit.

68.    On November 30, 2021, Plaintiff American Economy and Plaintiff American Fire agreed, subject to a reservation of rights, to provide Defendant West Linn with a defense against the Complaint for Professional Negligence filed in the Underlying Ewing Lawsuit. On December 22, 2021, Plaintiff American Fire agreed, subject to a reservation of rights, to provide Defendant West Linn with a defense against the Amended Complaint for Professional Negligence filed in the Underlying Ewing Lawsuit.

**COUNT I**
**Declaratory Relief – The Primary Policies:**
**The Underlying Coe Lawsuit**

69.    The Plaintiff Insurers re-allege and incorporate by reference Paragraphs 1 to 68 as though fully set forth herein.

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 27**

70.     There is no coverage for the Underlying Coe Lawsuit to the extent the Underlying Coe Plaintiffs do not allege "bodily injury" that occurred during the Primary Policies' policy periods.

71.     There is no coverage for the Underlying Coe Lawsuit under the Primary Policies because the Underlying Coe Plaintiffs' alleged "bodily injury" was not caused by an "occurrence".

72.     The Expected and Intended Injury Exclusion in the Primary Policies bars coverage for the Underlying Coe Plaintiffs' alleged "bodily injury".

73.     The Underlying Coe Plaintiffs do not allege "personal injury" or "personal and advertising injury" caused by an offense and arising out of the business of Defendant West Linn.

74.     The 1999-2002 Primary Policies Professional Services Exclusion bars coverage for the Underlying Coe Lawsuit.

75.     The 2003-2014 Primary Policies Professional Services Exclusion bars coverage for the Underlying Coe Lawsuit.

76.     The American Fire Primary Policies Professional Services Exclusion bars coverage for the Underlying Coe Lawsuit.

77.     The Abuse or Molestation Exclusion bars coverage for the Underlying Coe Lawsuit under the American Fire Primary Policies.

78.     To the extent the Primary Policies afford coverage for the Underlying Coe Lawsuit, which the Plaintiff Insurers deny, then the Underlying Plaintiffs' alleged injuries constitute one "occurrence" per policy period.

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 28**

79.     The Primary Policies do not afford coverage to Defendant West Linn for the Underlying Coe Lawsuit.

80.     Because the Primary Policies do not afford coverage for the Underlying Coe Lawsuit, Plaintiff American Economy and Plaintiff American Fire are not obligated to defend or indemnify Defendant West Linn against the Underlying Coe Lawsuit.

81.     Because the Primary Policies do not afford coverage for the Underlying Coe Lawsuit, Plaintiff American Economy and Plaintiff American Fire are entitled to the reimbursement of the amounts that they paid in connection with the defense of the lawsuit.

**COUNT II**
**Declaratory Relief – The Primary Policies:**
**The Underlying Ewing Lawsuit**

82.     The Plaintiff Insurers re-allege and incorporate by reference Paragraphs 1 to 81 as though fully set forth herein.

83.     There is no coverage for the Underlying Ewing Lawsuit under the 1999 Primary Policy, the 2000 Primary Policy, the 2001 Primary Policy, the 2002 Primary Policy, the 2003 Primary Policy, the 2004 Primary Policy, the 2005 Primary Policy, the 2006 Primary Policy, the 2007 Primary Policy, the 2008 Primary Policy, the 2009 Primary Policy, the 2010 Primary Policy, the 2011 Primary Policy, the 2012 Primary Policy, the 2013 Primary Policy, the 2014 Primary Policy, or the 2015 Primary Policy (the "1999-2015 Primary Policies") because the Underlying Plaintiff Ewing does not allege "bodily injury" that occurred during the 1999-2015 Primary Policies' policy periods.

84.     There is no coverage for the Underlying Ewing Lawsuit under the 2016 Primary Policy or the 2017 Primary Policy to the extent Underlying Plaintiff Ewing does not allege "bodily injury" that occurred during the policy period for the 2016 Primary Policy or

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 29**

the 2017 Primary Policy.

85.    The Primary Policies do not afford coverage for Underlying Plaintiff Ewing's alleged sexual abuse on March 27, 2019.

86.    To the extent the Underlying Plaintiff Ewing alleges "bodily injury" during the policy period for the 2016 Primary Policy or the 2017 Primary Policy, Underlying Plaintiff Ewing's alleged "bodily injury" was not caused by an "occurrence".

87.    To the extent Underlying Plaintiff Ewing alleges "bodily injury" during the policy period for the 2016 Primary Policy or the 2017 Primary Policy, the Expected and Intended Injury Exclusion bars coverage for her alleged "bodily injury".

88.    The Underlying Plaintiff Ewing does not allege "personal and advertising injury" caused by an offense and arising out of the business of Defendant West Linn.

89.    The American Fire Primary Policies Professional Services Exclusion bars coverage for the Underlying Ewing Lawsuit.

90.    To the extent Underlying Plaintiff Ewing alleges injury during the policy period for the 2016 Primary Policy or the 2017 Primary Policy, the Abuse or Molestation Exclusion bars coverage for any such alleged injury.

91.    The Primary Policies do not afford coverage to Defendant West Linn for the Underlying Ewing Lawsuit.

92.    Because the Primary Policies do not afford coverage for the Underlying Ewing Lawsuit, Plaintiff American Economy and Plaintiff American Fire are not obligated to defend or indemnify Defendant West Linn against the Underlying Ewing Lawsuit.

93.    Because the Primary Policies do not afford coverage for the Underlying Ewing Lawsuit, the Plaintiff American Economy and Plaintiff American Fire are entitled to the

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 30**

reimbursement of the amounts that they paid in connection with the defense of the lawsuit.

**COUNT III**
***Declaratory Relief Umbrella Policies:***
**<u>The Underlying Coe Lawsuit</u>**

94.    The Plaintiff Insurers re-allege and incorporate by reference Paragraphs 1 to 93 as though fully set forth herein.

95.    There is no coverage for the Underlying Coe Lawsuit to the extent the Underlying Coe Plaintiffs do not allege "bodily injury" that occurred during the Umbrella Policies' policy period(s).

96.    There is no coverage for the Underlying Coe Lawsuit under the Umbrella Policies because the Underlying Coe Plaintiffs' alleged "bodily injury" was not caused by an "occurrence".

97.    The Expected and Intended Injury Exclusion in the Umbrella Policies bars coverage for the Underlying Coe Plaintiffs' alleged "bodily injury".

98.    The Underlying Coe Plaintiffs do not allege "personal injury" or "personal and advertising injury" caused by an offense and arising out of the business of Defendant West Linn.

99.    The 1999-2000 Umbrella Policies Professional Services Exclusion bars coverage for the Underlying Coe Lawsuit.

100.    The 2001-2004 Umbrella Policies Professional Services Exclusion bars coverage for the Underlying Coe Lawsuit.

101.    The 2005-2014 Umbrella Policies Professional Services Exclusion bars coverage for the Underlying Coe Lawsuit.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 31**

102.    The Ohio Casualty Umbrella Policies Professional Services Exclusion bars coverage for the Underlying Coe Lawsuit.

103.    The Abuse or Molestation Exclusion bars coverage for the Underlying Coe Lawsuit under the 2015 Umbrella Policy and the 2016 Umbrella Policy.

104.    The Sexual Misconduct or Abuse Exclusion bars coverage for the Underlying Coe Lawsuit under the 2017 Umbrella Policy.

105.    The Ohio Casualty Umbrella Policies do not afford coverage for punitive or exemplary damages.

106.    The Umbrella Policies do not afford coverage to Defendant West Linn for the Underlying Coe Lawsuit.

107.    Because the Umbrella Policies do not afford coverage for the Underlying Coe Lawsuit, Plaintiff American States and Plaintiff Ohio Casualty do not owe any contractual obligations to Defendant West Linn in connection with the Underlying Coe Lawsuit.

## COUNT IV
### Declaratory Relief Umbrella Policies:
### The Underlying Ewing Lawsuit

108.    The Plaintiff Insurers re-allege and incorporate by reference Paragraphs 1 to 107 as though fully set forth herein.

109.    There is no coverage for the Underlying Ewing Lawsuit under the 1999 Umbrella Policy, the 2000 Umbrella Policy, the 2001 Umbrella Policy, the 2002 Umbrella Policy, the 2003 Umbrella Policy, the 2004 Umbrella Policy, the 2005 Umbrella Policy, the 2006 Umbrella Policy, the 2007 Umbrella Policy, the 2008 Umbrella Policy, the 2009 Umbrella Policy, the 2010 Umbrella Policy, the 2011 Umbrella Policy, the 2012 Umbrella Policy, the 2013 Umbrella Policy, the 2014 Umbrella Policy, or the 2015 Umbrella Policy

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 32**

(the "1999-2015 Umbrella Policies") because the Underlying Plaintiff Ewing does not allege "bodily injury" that occurred during the 1999-2015 Umbrella Policies' policy periods.

110.    There is no coverage for the Underlying Ewing Lawsuit under the 2016 Umbrella Policy or the 2017 Umbrella Policy to the extent Underlying Plaintiff Ewing does not allege "bodily injury" during the policy period for the 2016 Umbrella Policy or the 2017 Umbrella Policy.

111.    The Umbrella Policies do not afford coverage for the Underlying Plaintiff Ewing's alleged sexual abuse on March 27, 2019.

112.    To the extent Underlying Plaintiff Ewing alleges "bodily injury" during the policy period for the 2016 Umbrella Policy or the 2017 Umbrella Policy, the Underlying Plaintiff Ewing's alleged "bodily injury" was not caused by an "occurrence".

113.    To the extent the Underlying Plaintiff Ewing alleges "bodily injury" during the policy period for the 2016 Umbrella Policy or the 2017 Umbrella Policy, the Expected and Intended Injury Exclusion bars coverage for the Underlying Plaintiff Ewing's alleged "bodily injury".

114.    Underlying Plaintiff Ewing does not allege "personal and advertising injury" caused by an offense and arising out of the business of Defendant West Linn.

115.    The Ohio Casualty Professional Services Exclusion bars coverage for the Underlying Ewing Lawsuit.

116.    To the extent the Underlying Plaintiff Ewing alleges injury during the policy period for the 2016 Umbrella Policy, the Abuse or Molestation Exclusion bars coverage for the Underlying Plaintiff Ewing's claims.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 33**

117.     To the extent the Underlying Plaintiff Ewing alleges injury during the policy period for the 2017 Umbrella Policy, the Sexual Misconduct or Abuse Exclusion bars coverage for the Underlying Plaintiff Ewing's claims.

118.     The Umbrella Policies do not afford coverage to Defendant West Linn for the Underlying Ewing Lawsuit.

119.     Because the Umbrella Policies do not afford any coverage for the Underlying Ewing Lawsuit, Plaintiff American States and Plaintiff Ohio Casualty do not owe any contractual obligations to Defendant West Linn in connection with the Underlying Ewing Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Insurers seek the following relief:

1.     With respect to the Primary Policies:

    a.     A declaration that there is no coverage for the Underlying Coe Lawsuit or the Underlying Ewing Lawsuit to the extent that the Underlying Plaintiffs' alleged "bodily injury" did not occur during the Primary Policies' policy period(s);

    b.     A declaration that there is no coverage for the Underlying Coe Lawsuit or the Underlying Ewing Lawsuit because the Underlying Plaintiffs' alleged "bodily injury" was not caused by an "occurrence;"

    c.     A declaration that the Underlying Plaintiffs do not allege an offense resulting in "personal injury" or "personal and advertising injury";

    d.     A declaration that the Expected or Intended Exclusion in the Primary Policies bars coverage for the Underlying Plaintiffs' alleged "bodily

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 34**

injury";

e.   A declaration that the 1999-2002 Primary Policies Professional Services
Exclusion, the 2003-2014 Primary Policies Professional Services
Exclusion, and the American Fire Primary Policies Professional Services
Exclusion bar coverage for the Underlying Coe Lawsuit and the
Underlying Ewing Lawsuit;

f.   A declaration that the Abuse or Molestation Exclusion in the American
Fire Primary Policies bars coverage for the Underlying Coe Lawsuit and
the Underlying Ewing Lawsuit;

g.   A declaration that, even if coverage were to exist for the Underlying
Lawsuits, Defendant West Linn's maximum recovery would be subject to
the per occurrence limit for each of the Primary Policies, less any
impairment;

h.   A declaration that the Primary Policies do not afford coverage to
Defendant West Linn for the Underlying Coe Lawsuit or the Underlying
Ewing Lawsuit;

i.   A declaration that, because the Primary Policies do not afford coverage for
the Underlying Coe Lawsuit or the Underlying Ewing Lawsuit, Plaintiff
American Economy and Plaintiff American Fire do not owe a duty to
defend or indemnify Defendant West Linn against the Underlying Coe
Lawsuit or the Underlying Ewing Lawsuit; and

j.   A declaration that, in the absence of a duty to defend, Plaintiff American
Economy and Plaintiff American Fire are entitled to reimbursement of the

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 35**

defense expenses that they paid on behalf of Defendant West Linn to defend against the Underlying Coe Lawsuit and the Underlying Ewing Lawsuit.

2.    With respect to the Umbrella Policies:

a.    A declaration that there is no coverage for the Underlying Coe Lawsuit or the Underlying Ewing Lawsuit to the extent that the Underlying Plaintiffs' alleged "bodily injury" did not occur during the Umbrella Policies' policy period(s);

b.    A declaration that there is no coverage for the Underlying Coe Lawsuit or the Underlying Ewing Lawsuit because the Underlying Plaintiffs' alleged "bodily injury" was not caused by an "occurrence";

c.    A declaration that the Underlying Plaintiffs do not allege an offense resulting in "personal injury" or "personal and advertising injury";

d.    A declaration that the Expected or Intended Exclusion in the Umbrella Policies bars coverage for the Underlying Plaintiffs' alleged "bodily injury";

e.    A declaration that the 1999-2000 Umbrella Policies Professional Services Exclusion, the 2001-2004 Umbrella Policies Professional Services Exclusion, the 2005-2014 Umbrella Policies Professional Services Exclusion, and the American Fire Umbrella Policies Professional Services Exclusion bar coverage for the Underlying Coe Lawsuit and the Underlying Ewing Lawsuit;

f.    A declaration that the Abuse or Molestation Exclusion in the 2015

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 36**

Umbrella Policy and the 2016 Umbrella Policy bars coverage for the Underlying Coe Lawsuit and the Underlying Ewing Lawsuit;

g.  A declaration that the Sexual Misconduct or Abuse Exclusion in the 2017 Umbrella Policy bars coverage for the Underlying Coe Lawsuit and the Underlying Ewing Lawsuit; and

h.  A declaration that the Umbrella Policies do not afford coverage to Defendant West Linn for the Underlying Coe Lawsuit or the Underlying Ewing Lawsuit.

3.  For any other or further relief that the Court deems just, proper, and equitable.

DATED:  January 4, 2022

BULLIVANT HOUSER BAILEY PC

By  s/ John A. Bennett
    **John A. Bennett, OSB #750407**
    **E-mail:  john.bennett@bullivant.com**
    Telephone: 503.228.6351

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
    **Nancy D. Adams,** (*pro hac vice pending*)
    E-mail:  nadams@mintz.com
    **Alec Zadek,** (*pro hac vice pending*)
    E-mail:  azadek@mintz.com
    Telephone: 617.542.6000

    Attorneys for Plaintiffs American Economy
    Insurance Company, American Fire and
    Casualty Company, American States
    Insurance Company, and The Ohio Casualty
    Insurance Company

4891-1795-5334.1 00098/01208

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT
Page 37**