**John A. Bennett**, OSB #750407
E-mail:  john.bennett@bullivant.com
BULLIVANT HOUSER BAILEY PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351
Facsimile: 503.295.0915

**Nancy D. Adams** (*pro hac vice*)
E-mail:  nadams@mintz.com
**Alec Zadek** (*pro hac vice*)
E-mail:  azadek@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: 617.542.6000
Facsimile: 617.542.2241

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY; AMERICAN FIRE and CASUALTY COMPANY; AMERICAN STATES INSURANCE COMPANY; and THE OHIO CASUALTY INSURANCE COMPANY,<br><br>               Plaintiffs,<br><br>     v.<br><br>WEST LINN FAMILY HEALTH CENTER, PC,<br><br>               Defendant. | Civil No.: 3:22-cv-00019-JR<br><br>**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**<br><br>Oral Argument Requested |

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**
**Page 1**

Plaintiffs American Economy Insurance Company, American Fire and Casualty Company, American States Insurance Company, and The Ohio Casualty Insurance Company (together, "Plaintiff Insurers") hereby submit this response to West Linn's Objections ("West Linn's Objections") to Magistrate Judge Russo's Proposed Findings and Recommendations ("PF&R").

**I.   THE MAGISTRATE CORRECTLY FOUND THAT THE SEXUAL ABUSE EXCLUSIONS BAR COVERAGE FOR THE UNDERLYING LAWSUITS.**

The Magistrate concluded that "the first paragraph of the [Sexual Abuse] Exclusions excludes coverage for sexual abuse, and the second paragraph clarifies that any and all claims premised on respondeat superior and involving sexual abuse fall outside of the applicable Policies."[1] West Linn asserts that the Magistrate's conclusion was incorrect for three reasons: (i) giving a broad meaning to "arising out of" in Paragraph 1 renders Paragraph 2 meaningless; (ii) "failure to warn" claims do not "arise out of" sexual assault; and (iii) Paragraph 2 contains an "exclusive list" of barred claims, which does not include "failure to warn". Each of West Linn's assertions not only lacks merit but is also inconsistent with established Oregon case law.

**A.   Paragraph 1 and Paragraph 2 Provide Separate Bases to Deny Coverage.**

Oregon's seminal case on policy interpretation, *Hoffman*, recognizes that it is "no challenge" for capable counsel to suggest alternative meanings of an insurance policy due to the "breadth and flexibility of the English language." *Hoffman Const. Co. of Alaska v. Fred S. James & Co. of Oregon*, 313 Or. 464, 470 (1992). This does not mean, however, that, by

---

[1] PF&R at p. 13-14.

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**
**Page 2**

simply proffering an alternative meaning, a policy provision is suddenly rendered ambiguous. Pursuant to *Hoffman,* alternative meanings, including those proposed by West Linn, must withstand scrutiny when read in the context in which it is used and in light of the other provisions of the policy. *Hoffman Const. Co. of Alaska*, 313 Or. at 470. As part of that scrutiny, a court first examines the plain meaning of the policy provision. If the court determines that there is only one plausible interpretation, then the analysis ends. *12W RPO, LLC Affiliated FM Ins. Co.,* 353 F. Supp. 3d 1039, 1044 (D. Or. 2018). Here, West Linn's alternative meaning cannot withstand scrutiny because, among other reasons, it is contrary to the Sexual Abuse Exclusions' plain meaning.

Specifically, West Linn asserts that Paragraph 1 should not be interpreted broadly because such a broad interpretation would render Paragraph 2 meaningless.[2] Courts have

---

[2] For the Court's convenience, the American Fire Primary Policies' Sexual Abuse Exclusions provide as follows:

> This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of:
>
> (a) The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured [Paragraph 1];
>
> (b) The negligent:
>
>     (i) Employment;
>
>     (ii) Investigation;
>
>     (iii) Supervision;
>
>     (iv) Reporting to proper authorities, or failure to so report; or
>
>     (v) Retention; of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above. [Paragraph 2]

*See* First Amended DJ Complaint at ¶ 51. The 2015 and 2016 Umbrella Policies' Sexual Abuse Exclusion excludes coverage for:

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

**Page 3**

repeatedly rejected West Linn's argument as being contrary to the plain meaning of the exclusions. For example, in *American Empire Surplus Lines Ins. Co. v. Chabad House of North Dade, Inc.,* 450 Fed. Appx. 792 (11th Cir. 2011), the Eleventh Circuit Court of Appeals interpreted an "abuse or molestation exception" that is virtually identical to the Sexual Abuse Exclusions. In that case, the claimants asserted, as West Linn does here, that:

> …the policy contains a second paragraph that modifies the first. To this end, they interpret the policy to require courts to 'look at paragraph 1 when the claims against the insured are based on the abuse itself or vicarious liability for the acts of the abuser, and to paragraph 2 when the claims against an otherwise innocent insured are based on its enabling negligence.' They in

---

Any liability for or arising out of:

1. the actual, threatened, or alleged abuse, molestation, harassment or sexual conduct by anyone of any person; or [Paragraph 1]

2. the negligent: a. employment, b. investigation, c. supervision, d. reporting to the proper authorities, or failure to so report, e. retention, or f. referral of a person for whom any "Insured" is or ever was legally responsible and whose conduct would be excluded by 1. above. [Paragraph 2]

*Id*. at ¶ 70. Finally, the 2017 Umbrella Policy's Sexual Abuse Exclusion excludes coverage for:

> Any liability, damages, loss, injury, demand, "claim" or "suit" arising out of, caused by, or allegedly caused by, in whole or in part by:
>
> 1. The actual, threatened, or alleged abuse or molestation of any kind or "sexual misconduct"; or [Paragraph 1]
>
> 2. Any allegation relating thereto that are based on an alleged practice, custom or policy, including but not limited to any allegation that a person's civil rights have been violated. This exclusion applies even if the "claim" against any "Insured" alleges negligence or other wrongdoing in the supervision, hiring, employment, retention, referral, training, monitoring, investigation, supervision, or reporting to proper authorities, or failure to so report, of a person whose conduct would be excluded by 1. Above. [Paragraph 2]

*Id*. at ¶ 71.

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

**Page 4**

> turn conclude that, under their proposed interpretation, their
> claims are covered by the [] policy because those claims do not
> involve negligence of the types set forth in paragraph 2. We
> cannot agree. To begin, the [claimants'] reading would have us
> ignore the plain meaning of the first paragraph, in contravention
> of Florida law. *E.G. Khosrow Maleci, P.A. v. M.A. Hajianpour,
> M.D., P.A.,* 771 So.2d 628, 631 (Fla. 4th DCA 2000) (a contract
> must be interpreted pursuant to the plain meaning of its terms.)

*Id.* at 794. The Eleventh Circuit thus held that paragraph 1 and paragraph 2 provide separate grounds to deny coverage and, importantly, the latter did not serve to limit the former. *Id.* Similarly, in *Allstate Ins. Co. v. Florio,* 2020 WL 4529618, C.A. No. 19-CV-1174 (N.D. Ga. Jan. 23, 2020), the court, relying on *American Empire,* likewise explained:

> Paragraph 2 is arguably redundant because the claims excluded
> by Paragraph 2 are also excluded under Paragraph 1. But, while
> the provisions may be redundant, they do not produce
> conflicting results in this or any other conceivable
> circumstances. Claims like the ones raised in [the insured's]
> underlying case are unambiguously excluded under Paragraph 1;
> whether they are also excluded under Paragraph 2 is, in the
> Court's view, irrelevant.

*Id.* at * 6. West Linn suggests that this Court should reject the reasoning in *American Empire* and *Florio* because, contrary to Oregon law, they are "reading one of the provisions out of the exclusion as redundant".[3] But, West Linn's suggestion is contrary to Oregon law because, under West Linn's interpretation, this Court would be required to ignore the plain meaning of Paragraph 1. *See Holloway v. Republic Indem. Co. of Am.*, 341 Or. 642, 649 (2006) (citing *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or. 464, 469 (1992)) (holding that, if a policy provision in question has a plain meaning, the Court will apply that meaning and conduct no further analysis).

---

[3] West Linn's Objections at p. 10.

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**
**Page 5**

Moreover, the history of the Sexual Abuse Exclusions provides even more support for the conclusion that the exclusions are intended to bar coverage for all sexual abuse claims. Specifically, in January of 1987, the Insurance Service Office, Inc. ("ISO") issued an Abuse or Molestation Exclusion (the "ISO Exclusion") that is virtually identical to the American Fire Primary Policies' Sexual Abuse Exclusion.[4] "Several CGL commentators have described the intent of the ISO [Exclusion] as to deny all coverage for abuse or molestation incidents." *Harper v. Gulf Ins. Co.*, No. 01-CV-201-J, 2002 WL 32290984, at *6 (D. Wy. Dec. 20, 2002). Courts have explained that the ISO exclusion – and, thus, the virtually identical Sexual Abuse Exclusions – "serves to exclude from coverage all classifications of damages arising out of incidents of molestation." *Id*. (quoting *Lincoln County v. Doe*, 749 So.2d 943, 946 (Miss. 1999)).

In addition, with respect to the Ohio Casualty Umbrella Policies, West Linn asserts that the use of the disjunctive "or" (as opposed to "including") between Paragraph 1 and Paragraph 2 provides further support for its argument. But, West Linn's assertion would require the Court to disregard the "general rule[] [that] use of a disjunctive in a statute indicates alternatives and requires that those alternatives be treated separately. Hence, language in a clause following a disjunctive is considered inapplicable to the subject of the preceding clause." *American Empire Surplus Lines Ins. Co.,* 450 Fed. Appx. at 794. In *American Empire,* the Eleventh Circuit held that, although not necessary, the disjunctive

---

[4] The only difference between the ISO Exclusion and the American Fire Primary Policies' Sexual Abuse Exclusion is that the former references "personal injury" and "advertising injury", while the latter references "personal and advertising injury".

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**
**Page 6**

further supported treating Paragraph 1 and Paragraph 2 as independent grounds to deny coverage.

To the extent West Linn asserts that the "average insured" would conclude that Paragraph 1 should be interpreted narrowly due to Paragraph 2, such a conclusion would require the "average insured" to ignore the plain meaning of Paragraph 1. For example, in *North Pacific Ins. Co. v. American Mfrs. Mut. Ins. Co.*, 200 Or. App. 473 (2005), relied upon by West Linn, the court held that whether an automobile policy afforded coverage for an accident turned on the plain meaning of the policy language at issue in the broader context of the policy. The Oregon Court of Appeals did not inject an "average insured" type standard or analysis that trumped the policy's plain language. By way of further example, in *Shadbolt v. Farmers Ins. Exch.*, 275 Or. 407 (1976), also relied upon by West Linn, the Oregon Supreme Court held that the phrase "regularly or frequently used" was ambiguous. In contrast, courts have repeatedly found that the sexual abuse exclusions similar to those here are not ambiguous. *See Harper v. Gulf Ins. Co.*, No. 01-CV-201-J, 2002 WL 32290984, at *7 (D. Wyo. Dec. 20, 2002) (reviewing holdings from different courts nationwide,[5] none of which found the molestation exclusion ambiguous).

/ / /

/ / /

---

[5] *McAuliffe v. Northern Ins. Co. of N.Y.*, 69 F.3d 277 (8th Cir.1995); *Cap. Ind. Corp. v. Especially for Children, Inc.*, 2002 WL 31002849 (D.Minn.2002); *Children's Aid Soc'y of Montgomery County v. Great Am. Ins. Co.*, 1995 WL 251374 (E.D.Pa.1995); *Cmty. Action for Greater Middlesex County, Inc. v. Am. Alliance Ins. Co.*, 254 Conn. 387 (Conn.2000); *Lincoln County Sch. Dist. v. Doe*, 749 So.2d 943 (Miss.1999); *Caroff v. Farmers Ins. Co. of Washington*, 98 Wash.App. 565 (Wash.App.1999).

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**
**Page 7**

Accordingly, West Linn has not offered an alternative interpretation of the Sexual Abuse Exclusions that withstands scrutiny and, as such, the Sexual Abuse Exclusions bar coverage for the Underlying Lawsuits. *See Hoffman,* 313 Ore. 474 (Or. 1991) (holding that, because the insured's alternate interpretation could not withstand scrutiny, the policy barred coverage for the insured's claim).

### B. The Failure to Warn Claims Are Barred by Paragraph 1.

The Sexual Abuse Exclusions unambiguously bar coverage for injury "arising out of" sexual abuse and molestation, which includes the Underlying Plaintiffs' failure to warn claims. In applying the plain meaning, the Magistrate correctly held that West Linn's alleged "failure to warn" emanates from, or is associated with, Dr. Farley's sexual abuse of patients.[6] Importantly, West Linn appears to concede that, if Paragraph 1 is interpreted broadly – consistent with its plain meaning – then the "failure to warn" claims are barred by the Sexual Abuse Exclusions.

As the Plaintiff Insurers have explained, Oregon courts have consistently held the term "arising out of" is understood broadly to mean "***flowing from***" or "***having its origin in***," thereby "indicating that there need be a causal connection, rather than a proximate causal connection." *See Ristine ex rel. Ristine v. Hartford Ins. Co. of Midwest*, 195 Or. App. 226, 231 (2004) (internal citations omitted) (emphasis added) (in the context of a sexual abuse exclusion, "[c]onsistently with that ordinary meaning, the term 'arising out of' as used in insurance policies generally is understood broadly to mean 'flowing from' or 'having its

---

[6] *See* PF&R at p. 13.

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION
Page 8**

origin in,' thereby 'indicating that there need be a causal connection, rather than a proximate causal connection.'"); *Clinical Research Inst. of S. Or., P.C. v. Kemper Ins. Cos.*, 191 Or. App. 595, 601 (2004) (in the context of an employment practices exclusion, "[t]he ordinary meaning of the words 'arising out of' is very broad.").

In the Underlying Lawsuits, the Underlying Plaintiffs allege that Dr. Farley sexually molested them while they received medical treatment from West Linn. As such, the Magistrate correctly concluded that "West Linn's failure to report Dr. Farley or otherwise warn the public (including the underlying plaintiffs) does not change the fact that the purported harm arises out of Dr. Farley's sexual abuse." PF&R at p. 14; *see Davis v. Am. Preferred Ins. Co.*, 1993 WL 410451, *1 (9th Cir. Oct. 14, 1993) (rejecting the plaintiff's attempt to circumvent an exclusion by re-characterizing an otherwise excluded activity as a "failure to warn," explaining that the plaintiff's fall necessarily constituted "bodily injury .. arising out of a premises … rented to an insured."). Accordingly, Paragraph 1 bars coverage for the Underlying Lawsuits, including the underlying "failure to warn" allegations.

### C. Paragraph 2 Bars Coverage for the Failure to Warn Allegations.

West Linn asserts that, because "failure to warn" is not included in Paragraph 2's purported "exhaustive list" of excluded claims, Paragraph 2 does not bar coverage for such claims. As support for this proposition, West Linn characterizes Paragraph 2 as only excluding conduct premised on West Linn's "purported obligations as an employer" while the Underlying Coe Lawsuit "is premised on its obligations to its patients as a medical provider."[7]

---

[7] *See* West Linn's Objections at p. 13.

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**
**Page 9**

However, courts have repeatedly held that this is a distinction without a difference: if the insured negligently failed to warn the patients (or the patients' parents) of a perpetrator, then such negligence flows from insured's negligent employment, negligent supervision, and negligent retention of that perpetrator.

Instructive in this regard is *Harper v. Gulf Ins. Co.*, No. 01-CV-201-J, 2002 WL 32290984, at *9 (D. Wyo. Dec. 20, 2002), where the court rejected an insured's argument, as here, that a "failure to warn" claim is separate and distinct from negligent supervision or investigation claims:

> The Abuse or Molestation Exclusion is drafted to exclude all coverage for sexual abuse, regardless of whether that abuse was caused intentionally (by the molester/employee) or negligently (by his employer). The exclusion clarifies that no coverage is provided to employers for their negligence relating to any abuse or molestation. An employer's "duty to warn" is subsumed and implied within his "employment," "investigation," "supervision," and "retention" of a molesting employee. And where, as here, [the insured] negligently "fails to warn" Chappell's parents of Thornton, [the insured] has negligently employed, negligently supervised, and negligently retained Thornton. It is impossible for [the insurer] to anticipate every claim that creative counsel will craft in order to draft a complaint that will trigger coverage. Moreover, it defies common sense that [the insurer] intended to exclude all negligence of an employer regarding sexual abuse, except for the negligent failure to warn. ***Here, the abuse or molestation clause makes it crystal clear that no coverage is provided to employers for their negligence relating to any abuse or molestation.***

*Id.* at *9 (emphasis added). As in *Harper*, the Sexual Abuse Exclusions bar coverage for any claims arising out of sexual abuse or molestation. This includes any claim against West Linn for the alleged negligent or reckless "failure to warn" the public about Dr. Farley. Moreover, it is telling that the Underlying Coe Plaintiffs themselves do not allege "failure to warn" as

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**
**Page 10**

an independent cause of action but instead allege "failure to warn" as a component of their Third Cause of Action for "Negligent Supervision / Credentialing"[8].

Finally, West Linn asserts that, because Paragraph 2 only applies to claims of *respondeat superior*, the Underlying Coe Plaintiffs' failure to warn allegations are not excluded. West Linn is incorrect. The doctrine of *respondeat superior* gives rise to an employer's vicarious liability for the tortious conduct of an employee while that employee is acting within the scope of his or her employment, and without the need for any independent negligence or tortious conduct by the employer. *See Chesterman v. Barmon*, 305 Or. 439, 442 (1988). Here, Paragraph 2 is not limited to *respondeat superior* claims because the exclusion expressly applies to direct claims against West Linn, such as the negligent employment, retention, failure to report, supervision, and investigation. Indeed, although claims of *respondeat superior* fall within the Sexual Abuse Exclusions, the exclusions also bar coverage for "West Linn's [own] negligence emanating from or associated with Dr. Farley's sexual abuse of patients." *See* PF&R at p. 13. As such, West Linn's assertion that Paragraph 2 only applies to claims of *respondeat superior* is incorrect.

## II. THE MAGISTRATE CORRECTLY FOUND THAT THE PROFESSIONAL SERVICES EXCLUSIONS BAR COVERAGE FOR THE UNDERLYING EWING LAWSUIT.

The Professional Services Exclusions bar coverage for the Underlying Lawsuits, including the Underlying Ewing Lawsuit, because the Underlying Plaintiffs' injuries were "caused by" or "due to" the provision of medical services to them. In the PF&R, the

---

[8] *See* Complaint, *Jane Coe, et al. v. David Farley, M.D., et al.*, ¶¶ 396-405, No. 20CV37412 (Or. Cir. Ct. Aug. 3, 2021), attached as "Exhibit A" to the First Amended Complaint for Declaratory Judgment ("First Amended DJ Complaint").

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**
**Page 11**

Magistrate found that, although the Underlying Plaintiff Ewing's claims were excluded, the Underlying Coe Plaintiffs and Underlying Plaintiff Elliott's claims were not excluded.[9] West Linn objects to the Magistrate's finding that the Underlying Ewing Lawsuit falls within the scope of the Professional Services Exclusions. As grounds, West Linn appears to make two arguments. First, West Linn asserts that the Underlying Ewing Plaintiff did not request the exams as medical care. Second, West Linn asserts that Dr. Farley's acts had a sexual purpose. Both assertions lack merit.

First, the Underlying Ewing Plaintiff alleges that she went to Dr. Farley for medical treatment.[10] After informing Dr. Farley that she was sexually active, Dr. Farley allegedly informed her that he must perform yearly PAP smears.[11] Dr. Farley then allegedly performed gynecological examinations while not using a glove.[12] Based upon these and other allegations in the Underlying Ewing Complaint, the Underlying Plaintiff Ewing asserts a single cause of action for professional negligence and further alleges that West Linn,

---

[9] The Plaintiff Insurers filed their objection to the Magistrate's recommendation that the Underling Coe Lawsuit and the Underlying Elliott Lawsuit are not excluded. *See Plaintiff Insurers' Objections to Magistrate Judge Jolie A. Russo's Findings & Recommendation*, (ECF # 38) (the "Plaintiff Insurers Objection"). Because West Linn is solely objecting to the Magistrate's finding regarding the Underlying Ewing Lawsuit, to avoid duplication of argument, the Plaintiff Insurers will not here restate their objections to the Magistrate's findings regarding the Underlying Coe Lawsuit and the Underlying Elliott Lawsuit. Rather, the Plaintiff Insurers incorporate by reference here the entirety of their arguments relating to the applicability of the Professional Services Exclusions to those lawsuits.

[10] *See* Complaint, *Lillian Ewing v. West Linn Family Health Center, P.C.*, ¶ 3, No. 21CV40102 (Or. Cir. Ct. Nov. 30, 2021), attached as "Exhibit B" to the First Amended DJ Complaint.

[11] *Id*.

[12] *Id*.

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**
**Page 12**

through its employee, was "negligent and engaged in conduct that a reasonable and prudent medical practitioner would not engage in …"[13] Whether Dr. Farley recommended the gynecological examinations or, alternatively, whether the Underlying Ewing Plaintiff requested the examinations is irrelevant. According to the Underlying Ewing Plaintiff, Dr. Farley performed gynecological examinations on her and, during the course of those examinations he did not wear gloves.

Second, the applicability of the Professional Services Exclusions does not turn on whether Dr. Farley's alleged acts were intentional or sexual in nature. *See Multnomah County v. Oregon Auto. Ins. Co.,* 256 Or. 24 (1970) (neither the purpose nor the motivation of the individual performing services had any bearing on the applicability of the professional services exclusion). Nor does the applicability of the Professional Services Exclusions turn on the legal theory that the underlying plaintiff is asserting against West Linn. *See L& D of Oregon, Inc. v. Am. States Ins. Co.,* 171 Or. App. 17, 20 (2000) ("The basis for coverage is not necessarily limited to the legal theory with which the underlying plaintiff labeled the claim."). To the contrary, the Professional Services Exclusions apply because Dr. Farley's alleged misconduct, as an agent or employee of West Linn, is inseparable from his provision of medical care and treatment to the Underlying Plaintiffs, including the Underlying Ewing

---

[13] *Id*. at ¶ 5. According to the Magistrate, given that these allegations sound in medical negligence, the Underlying Ewing Plaintiff's alleged injuries were "due to" or "caused by" the provision of professional services and thus excluded. The Plaintiff Insurers agree that the Underlying Ewing Lawsuit is barred by the Professional Services Exclusions. However, as explained in the Plaintiff Insurers' Objection, whether the Professional Services Exclusions apply does not turn on whether the Underlying Plaintiffs' allegations sound in medical negligence.

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**
**Page 13**

Plaintiff.[14]

Significantly, in West Linn's Objections, West Linn acknowledges that the Underlying Plaintiffs' injuries occurred during the provision of medical care and services. Specifically, in an attempt to avoid the Sexual Abuse Exclusions, West Linn states that the Underlying Coe Plaintiffs' claims are based on West Linn's "obligations to its patients as a medical provider."[15] Similarly, West Linn states that, "according to the [Underlying] Coe Complaint, [West Linn] was negligent in breaching the standard of care owed to the [Underlying] Coe Plaintiffs because of the relationship shared between [West Linn] and the Plaintiffs …."[16] These statements demonstrate even further that the Professional Services Exclusions bar coverage to West Linn for not only the Underlying Ewing Lawsuit, but for all three of the Underlying Lawsuits.

/ / /

/ / /

---

[14] *See*, *e.g., St. Paul Fire & Marine Inc. Co. v. Engelmann*, 639 N.W.2d 192 (S.D. 2002) (the general liability policy's professional services exclusion barred coverage for the doctor's alleged sexual assaults of his patients); *Westfield Ins. Co. v. Matulis*, 421 F. Supp. 3d 331 (S.D. W. Va. 2019) (holding that a professional services exclusion barred coverage to a medical practice for a physician's sexual misconduct during a colonoscopy); *Nat'l Fire Ins. C. v. Lewis*, 898 F. Supp. 2d 1132 (D. Ariz. 2012) (a cardiologist's alleged inappropriate sexual touching of the breasts was "intertwined with and inseparable from" the provision of professional services); *Princeton Ins. Co. v. Chunmuang*, 698 A.2d 9 (N.J. 1997) (holding that a doctor's misconduct during a gynecological examination resulted from the provision of professional services); *St. Paul Fire & Marine Ins. Co. v. Asbury*, 720 P.2d 540 (Ariz. Ct. App. 1986) (holding that a gynecologist who intentionally and improperly manipulated patients' genitalia during routine gynecological examinations was covered by his professional liability insurance because his conduct was "intertwined with and inseparable from the services provided").

[15] West Linn's Objections at p. 13.

[16] *Id*.

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**
**Page 14**

III. **BECAUSE THE SEXUAL ABUSE EXCLUSIONS AND THE PROFESSIONAL SERVICES EXCLUSIONS BAR COVERAGE FOR THE UNDERLYING LAWSUITS, THE DUTY TO INDEMNIFY IS RIPE FOR RESOLUTION.**

The Plaintiff Insurers recognize that, under Oregon insurance law, the duty to defend is distinct from of the duty to indemnify. *Navigators Ins. Co. v. Hamlin*, 96 F. Supp. 3d 1181, 1185 (D. Or. 2015). However, a court may determine there is no duty to indemnify without an underlying liability determination when policy exclusions expressly bar coverage for the alleged liability. *See Ledford v. Gutoski,* 319 Or. 397, 405 (1994) (holding that the insurer had no duty to indemnify regardless of whether the insured was liable because the culpable acts were excluded from coverage pursuant to the insurance policy); *see also Hamlin*, 96 F. Supp. 3d at 1185 (holding that a personal profit exclusion precluded an insurers duty to indemnify).

Here, based upon the Underlying Plaintiffs' allegations in the Underlying Lawsuits, as a matter of law, the Professional Services Exclusions and the Sexual Abuse Exclusions bar coverage to West Linn for the Underlying Lawsuits. As such, it is not premature for the Court to hold that the Plaintiff Insurers have no duty to indemnify West Linn against the Underlying Lawsuits. *See Allstate Ins. Co. v. Morgan*, 123 F. Supp. 3d 1266, 1274 (D. Or. 2015) ("[T]here is also no black-letter rule prohibiting a court from determining the duty to indemnify issue while the underlying liability action is still in progress.").

/ / /

/ / /

/ / /

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**
**Page 15**

## CONCLUSION

For the foregoing reasons, the Plaintiff Insurers request the Court deny West Linn's Objections and, instead, accept the Magistrate's recommendation that: (1) the Sexual Abuse and Molestation Exclusions bars coverage for the Underlying Lawsuits, including any "failure to warn" allegations; and (2) the Professional Services Exclusions bar coverage for the Underlying Ewing Lawsuit.

DATED: August 15, 2022

                                       BULLIVANT HOUSER BAILEY PC

                                       By  *s/ John A. Bennett*
                                                 **John A. Bennett, OSB #750407**
                                                 E-mail:   john.bennett@bullivant.com
                                                 Telephone: 503.228.6351

                                       MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
                                                 **Nancy D. Adams**, (*pro hac vice*)
                                                 E-mail:   nadams@mintz.com
                                                 **Alec Zadek**, (*pro hac vice*)
                                                 E-mail:   azadek@mintz.com
                                                 Telephone: 617.542.6000

                                       Attorneys for Plaintiffs American Economy Insurance Company, American Fire and Casualty Company, American States Insurance Company, and the Ohio Casualty Insurance Company

4875-6218-6286.2 03387/00747

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**PLAINTIFFS INSURERS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**
**Page 16**