IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AMERICAN ECONOMY INSURANCE COMPANY, AMERICAN FIRE AND CASUALTY COMPANY, AMERICAN STATES INSURANCE COMPANY,** and **THE OHIO CASUALTY INSURANCE COMPANY**,<br><br>Plaintiffs,<br><br>v.<br><br>**WEST LINN FAMILY HEALTH CENTER, PC**,<br><br>Defendant. | Case No. 3:22-cv-00019-JR<br><br>**ORDER ADOPTING FINDINGS & RECOMMENDATION IN PART** |

Alec Zadek & Nancy D. Adams, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111. John A. Bennett, Bullivant Houser Bailey P.C. (PDX), One SW Columbia Street, Suite 800, Portland, OR 97204. Attorneys for Plaintiffs.

Jeffrey M. Edelson & Paul S. Bierly, Markowitz Herbold P.C., 1455 SW Broadway, Suite 1900, Portland, OR 97201. Attorneys for Defendant.

Michael E. Farnell & Carson Riley, Parsons Farnell & Grein, LLP, 1030 SW Morrison, Portland, OR 97205. Sean Stokes & Thomas D. D'Amore, D'Amore Law Group, P.C., 4230 Galewood Street, Suite 200, Lake Oswego, OR 97305. Attorneys for Intervenor Defendant.

**IMMERGUT, District Judge.**

PAGE 1 – ORDER ADOPTING FINDINGS & RECOMMENDATION IN PART

On January 4, 2022, Plaintiffs American Economy Insurance Company, American Fire and Casualty Company, American States Insurance Company, and The Ohio Casualty Insurance Company ("Plaintiffs") filed this action against Defendant West Linn Family Health Center, PC ("Defendant"), seeking declaratory relief regarding their contractual obligations arising out of 38 primary and excess liability insurance policies that were issued to Defendant over the course of nearly 20 years. ECF 10 at 2; ECF 36 at 1. Relying on two insurance policy exclusions—the Professional Services Exclusions and the Molestation Exclusions—Plaintiffs seek a declaration that they have no duty to defend or indemnify Defendant against pending state court sexual molestation claims made against West Linn's founder, Dr. David Farley. ECF 10 at 2; ECF 36 at 1–2. Specifically, between November 2020 and January 2022, former patients filed three lawsuits against Defendant: *Jane Coe, et al. v. David Farley, M.D., et al.*, ("Coe Lawsuit"); *Lillian Ewing v. West Linn Family Health Ctr.* ("Ewing Lawsuit"); and *Mayson Elliott v. David Farley, et al.* ("Elliott Lawsuit"). ECF 36 at 2. On April 18, 2022, Plaintiffs moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF 22. On May 26, 2022, the plaintiffs from the Coe Lawsuit ("Intervenor Defendant") intervened in this action for the purpose of opposing Plaintiffs' motion. ECF 30; ECF 31.

On July 18, 2022, Magistrate Judge Jolie A. Russo issued her Findings & Recommendation ("F&R"), ECF 36, recommending that Plaintiffs' Motion for Judgment on the Pleadings be granted in part and denied in part. Plaintiffs and Defendant filed objections to the F&R and replies to one another's objections. ECF 38; ECF 39; ECF 40; ECF 41. Intervenor Defendant filed a response to Plaintiffs' objections. ECF 42. This Court has reviewed the F&R, ECF 36. This Court ADOPTS IN PART and DECLINES TO ADOPT IN PART Judge Russo's F&R. This Court finds that Judge Russo's F&R recommended granting Plaintiffs' motion as to

PAGE 2 – ORDER ADOPTING FINDINGS & RECOMMENDATION IN PART

the Professional Services Exclusions' application to the Ewing Lawsuit in error. Accordingly, this Court denies Plaintiffs' Motion for Judgment on the Pleadings, ECF 22, as to the application of the Professional Services Exclusions to the Ewing Lawsuit. This Court has reviewed the F&R, ECF 36, and adopts the remainder of Judge Russo's analysis and conclusions in full.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

An insurer's duty to defend an insured is dictated by the insurance policy and the complaint. *Ledford v. Gutoski*, 319 Or. 397, 399 (1994). If "the complaint contains allegations of covered conduct . . . then the insurer has a duty to defend, even if the complaint also includes allegations of excluded conduct." *Abrams v. Gen. Star Indem. Co.*, 335 Or. 392, 400 (2003). Essentially, "[t]he insurer has a duty to defend if the complaint provides *any basis* for which the insurer provides coverage," such that the insurer may permissibly abdicate this duty only where the underlying lawsuits "clearly fall[] . . . outside the coverage of the policy." *Ledford*, 319 Or. at 400–03. Reliance on the labels or legal theories in a complaint is not sufficient to determine the

PAGE 3 – ORDER ADOPTING FINDINGS & RECOMMENDATION IN PART

duty to defend; rather, it is the *conduct* alleged that is critical to the determination. *L & D of Oregon, Inc. v. Am. States Ins. Co.*, 171 Or. App. 17, 20 (2000); *see also Pinnacle Architecture, Inc. v. Hiscox, Inc.*, 543 F. Supp. 3d 997, 1005 (D. Or. 2021).

Each of the insurance policies at issue in the Ewing Lawsuit contains a version of the Professional Services Exception, which generally bars "coverage for bodily injury 'caused by the rendering or failure to render any professional service.'" ECF 36 at 5 (quoting ECF 10-5, Ex. E, at 54, 129, 204). In construing this provision, Judge Russo found that the Professional Services Exclusions applied to the Ewing Lawsuit, thereby negating Plaintiffs' duty to defend in that case. ECF 36 at 12–13. Because the Ewing Lawsuit "does not disavow a legitimate medical basis for Dr. Farley's physical examination," Judge Russo concluded that the alleged injury—failing to use gloves during two PAP smears—fell "within the scope of Dr. Farley's gynecological practice." *Id.* As such, Judge Russo recommended that this Court grant Plaintiffs' motion as to the application of the Professional Services Exclusions to the Ewing Lawsuit. *Id.* at 13.

However, the alleged conduct, rather than the alleged legal theory, is critical to determining the duty to defend. *L & D of Oregon*, 171 Or. App. at 20; *cf. Abrams*, 335 Or. at 400. Further, "[t]he insurer has a duty to defend if the complaint provides *any basis* for which the insurer provides coverage." *Ledford*, 319 Or. at 400. Defendant argues that this Court can infer the conduct pled by Plaintiff Ewing—Dr. Farley's failure to use gloves during two PAP smears—qualifies as sexual assault. ECF 39 at 15. To support this inference, Defendant points to Plaintiff Ewing's allegation that "due to Dr. Farley's ungloved vaginal exams, she felt 'very violated' and 'will require future medical care, including counselling services to treat her mental and emotion trauma' caused by Dr. Farley's actions." *Id.* (quoting ECF 10-2, Ex. B, at ¶¶ 3, 7). Defendant further observes that Judge Russo's "F&R itself suggests that an ungloved vaginal

PAGE 4 – ORDER ADOPTING FINDINGS & RECOMMENDATION IN PART

exam could be an act of sexual gratification." *Id.* (citing ECF 36 at 10); *see also* ECF 36 at 10 ("[T]he alleged wrongdoing was the use of Dr. Farley's status as a trusted doctor to sexually abuse . . . female patients for his own sexual gratification by, amongst other things, performing . . . ungloved . . . vaginal 'exams[]' . . . ."). This Court agrees that Dr. Farley's alleged performance of gynecological exams without gloves in the context of the Complaint qualifies as sexual assault for purposes of analyzing the Plaintiffs' duty to defend, and is not properly construed as the rendering of professional services.

Under Oregon law, sexual assault does not constitute the rendering of a professional service. *See, e.g.*, *Am. Med. Response Nw., Inc. v. ACE Am. Ins. Co.*, 31 F. Supp. 3d 1087, 1092 (D. Or. 2014) ("Sexual assault is not the rendering of professional services."); *Hedmann v. Liberty Mut. Fire Ins. Co.*, 158 Or. App. 510, 514–15 (1999). Thus, Dr. Farley's alleged misconduct does not fall within the Professional Services Exclusions and Plaintiffs have a duty to defend in the Ewing Lawsuit. Accordingly, this Court denies Plaintiffs' Motion for Judgment on the Pleadings, ECF 22, as it relates to the application of the Professional Services Exclusions to the Ewing Lawsuit.

## CONCLUSION

This Court has reviewed the F&R, ECF 36, and all the parties' objections de novo. Based on that review, this Court ADOPTS IN PART and DECLINES TO ADOPT IN PART Judge Russo's F&R. Plaintiffs' Motion for Judgment on the Pleadings, ECF 22, is DENIED as to the application of the Professional Services Exclusions to the Ewing Lawsuit. This Court adopts the remainder of Judge Russo's analysis and conclusions in full. Accordingly, Plaintiffs' Motion for Judgment on the Pleadings is GRANTED as to the 2015-2017 Primary and Umbrella Policies as they relate to the Elliott and Coe Lawsuits. Plaintiffs' motion is DENIED in all other respects.

**IT IS SO ORDERED**.

DATED this 27th day of January, 2023.

                                                                                                   /s/ Karin J. Immergut
                                                                                                    Karin J. Immergut
                                                                                                    United States District Judge